59 CCPA

**Application of George H. ANDREWS, Jr.**

**Patent Appeal No. 8545.**

United States Court of Customs and Patent Appeals.

Nov. 4, 1971.

Eldon H. Luther, attorney of record, Windsor, Conn., for appellant; Richard H. Berneike, Windsor, Conn., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; Fred W. Sherling, Washington, D. C., of counsel.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals affirming the examiner's rejection of claims 1 and 2[1] under 35 U.S.C. § 103 as obvious in view of certain prior art.

The invention relates to a method of repairing a refractory lining of a metallurgical or glass furnace by spraying a refractory material on the hot interior surface. The specification describes a prior art process:

> The prior art spraying techniques involve mixing particles of refractory material, a dry binder or plasticizer and water to form a slurry which is then sprayed onto the furnace surfaces. The usual materials employed as a binder are the adhesive silicate materials and in particular, sodium silicate. * * * The advantages of sodium silicate adhesive include good spreading and contact, a rate of set controllable over wide limits and the formation of a permanent, strong, rigid bond that is resistant to water and heat. The prior art systems involved charging a large mixing tank with dry sodium silicate and dry refractory particles to which was added water to dissolve the sodium silicate and form a slurry of the solution and refractory particles.

> * * * * * *

> Heat will increase the solubility and the rate of dissolution of sodium silicate and for this reason the prior art methods of spraying refractory employed heated mixing tanks. These tanks were invariably large, heavy, immovable vessels due to the required heating system. Once the solid sodium silicate had gone into solution and the required refractory slurry obtained, which might involve considerable time, the slurry had to be transferred from the mixing tank into a spraying apparatus which was then moved about to the various furnace locations. Such a process therefore involved considerable equipment, time and expense.

---

1. Appearing in application serial No. 622,825, filed March 13, 1967 for "Refractory Spraying Method."

Appellant's method differs from the above in preparing the silicate-water adhesive solution before addition of any refractory particles, as reflected in claim 2:

> 2. The method of coating furnace surfaces with a refractory material wherein finely divided refractory particles are mixed with sodium silicate solution comprising the steps of completely predissolving a quantity of sodium silicate in water prior to mixing with said refractory particles to form an adhesive solution of said sodium silicate, introducing into the mixing tank of a spraying apparatus a quantity of said adhesive solution and a quantity of finely divided refractory particles, mixing said solution and said refractory particles to form and maintain a suspension of said particles in said solution, conveying said suspension from said mixing tank to a spraying nozzle and spraying said suspension from said spraying nozzle onto said furnace surface.

Claim 1 differs from claim 2 principally in specifying that the silicate is subjected to steam and pressure to effect solution.

The examiner and board held the claimed subject matter would be obvious to one of ordinary skill in the art in view of Winkler[2] considered with Schoenlaub[3] and Davies.[4] As noted by the board, Winkler discloses subjecting a mixture of fire-clay and water to heat (steam) and agitation to form a homogeneous suspension which is subsequently mixed with refractory particles prior to spraying onto the interior walls of a metallurgical or glass furnace as a patching material. The board thought it apparent that the fire-clay water suspension of Winkler functioned as an adhesive binder for the refractory particles, a point not now seriously challenged by appellant. It further considered obvious to one of ordinary skill in the art the use of other prepared adhesives, such as a predissolved sodium silicate solution, in such capacity, particularly in light of Schoenlaub's disclosure of the use of sodium silicate in aqueous solution as an accessory bonding agent to be admixed with a dry refractory material prior to pneumatic spraying onto an interior furnace wall.[5]

The board also stated:

> It would appear that the Schoenlaub patent, discloses essentially the same process as that set forth in the claims. Appellant admits that the aqueous solution of sodium silicate referred to in the Schoenlaub patent is a pre-dis-

2. U.S.Patent 2,124,865, issued July 26, 1938.

3. U.S.Patent 2,407,725, issued Sept. 17, 1946.

4. The board regarded Davies as cumulative to Schoenlaub, and did not consider it. Nor do we.

5. Schoenlaub states:
   > The substances I have mentioned do not contribute much to the bonding of the gun refractory when it is dried and heated to higher temperatures. Where it is desired an accessory form of bond may also be incorporated in the refractory. I frequently use sodium silicate in aqueous solution in the gauging water for this purpose. The silicate can be used in amounts of three per cent, more or less, by anhydrous weight, of the refractory. The silicate which seems most desirable contains 75 per cent $SiO_2$ and 23 per cent $Na_2O$. I also contemplate the use of dry sodium silicate or other bonding substances, some of which may be incorporated dry into the refractory fines and subsequently set by gauging with water; * * *.
   >
   > * * * * *
   >
   > [The refractory] mixture is of such a character as to be applicable by a pneumatic gun having an air source, a feeder and a tubular body with a discharge nozzle in which a water spray or solution saturates the refractory stream. * * * The refractory mixture afore-described is thus fed through such an air gun, incorporating with it a solution of sodium silicate (ratio of $Na_2O$:$SiO_2$, 1:3.3) in amount to give about ¾ per cent sodium silicate on water-free basis, the refractory being thereby moistened and simultaneously projected upon the hearth or furnace structure.

solved solution but urges that the patent does not disclose mixing such solution with the refractory material prior to being projected into a furnace. We do not agree with this interpretation of the Schoenlaub patent. The "gauging" water referred to in this patent is water added to the refractory material to form a slurry. Lines 45 and 46 of column 4 of this patent state that the pre-dissolved sodium silicate in aqueous solution is added in the "gauging" water. We consider this to be equivalent to "introducing into the mixing tank of a spraying apparatus a quantity of said adhesive solution and a quantity of finely divided refractory particles." This is essentially the sequence of steps recited in the claims.

We find nothing in the record to show that either the examiner or board erred in rejecting the claims. Appellant's concept of the use of a preprepared or predissolved adhesive solution to be admixed with refractory particles is not new to the art of furnace repair, witness Winkler (preprepared suspension of fire-clay in water) and Schoenlaub (predissolved sodium silicate in water). Contrary to appellant's argument, the board's position does not seem to be premised on an erroneous assumption that the Winkler process includes an adhesive-dissolving step. The board specifically recognized that Winkler forms a suspension of fire-clay in water, not a solution. However, the board nevertheless regarded the substitution of an aqueous silicate adhesive solution for the aqueous adhesive suspension of Winkler to be well within the ability of one of ordinary skill in the art, as established by Schoenlaub. Appellant's arguments do not convince us of error in that position.

With respect to claim 1, the board held that the particular method of forming the adhesive solution recited "does not render the claim allowable." While appellant appears to disparage Schoenlaub because there "is no disclosure * * * of the particular technique in-

volved in preparing the sodium silicate solution," he also acknowledges that the "use of steam and pressure to dissolve silicate is the standard commercial process and is not new." Suffice to say that we, like the board, are not persuaded of any patentable significance in the use of steam and pressure to form the adhesive solution.

Finally, appellant alleges unobvious results in the use of the predissolved silicates as an adhesive, maintaining that "by using these specially prepared materials, the refractory adheres more readily to the furnace walls" with less waste. As the board noted, there is no evidence of record to support that argument. See In re Schulze, 346 F.2d 600, 52 CCPA 1422 (1965).

The view we take renders it unnecessary to consider the board's comments regarding the applicability of Schoenlaub alone to the claimed subject matter.

The decision is affirmed.

Affirmed.